William J. Becker, Jr., Esq. (SBN 134545)
(Lead Counsel)
**THE BECKER LAW FIRM**
11500 Olympic, Blvd., Suite 400
Los Angeles, California 90064
Phone: (310) 636-1018
Fax: (310) 765-6328
E-mail: bbeckerlaw@gmail.com

Mark A. Thiel, Esq. (SBN 182045)
(Local Counsel)
**LAW OFFICE OF MARK A. THIEL**
1743 Grand Canal Blvd., Suite 15
Stockton, California 95207
Phone (209) 957-6304
Fax: (209) 957-1522
E-mail: thiellaw@inreach.com

Robert J. Muise, Esq.
(Co-Counsel)
**THOMAS MORE LAW CENTER**
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
Phone: (734) 827-2001
Fax: (734) 930-7160
E-mail: rmuise@thomasmore.org
*Admitted *Pro Hac Vice*

Attorneys for Plaintiff, T.A., a minor, (by and through next friend, ANNA AMADOR)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **T.A.**, a minor, (by and through next friend, **ANNA AMADOR**),<br><br>Plaintiff,<br><br>vs.<br><br>**MCSWAIN UNION ELEMENTARY SCHOOL DISTRICT**; **TERRIE ROHRER**, Principal of McSwain Elementary School, individually and in her official capacity; **C. W. SMITH**, Assistant Principal of McSwain Elementary School, individually and in his official capacity, and, **MARTHA HERNANDEZ**, Office Clerk for McSwain Elementary School, Individually and in her official capacity;<br><br>Defendants. | Case No.: 1:08-CV-01986-OWW-DLB<br><br>**STIPULATION REGARDING DEFENDANTS' NON-RETAINED EXPERT WITNESSES; ORDER** |

Page 1 of 6

1:08-CV-01986-OWW-DLB

**STIPULATION REGARDING DEFENDANTS'
NON-RETAINED EXPERT WITNESSES AND PROPOSED ORDER**

THE BECKER
LAW FIRM
11500 Olympic Blvd. , Suite 400
Los Angeles, California 90064

THE PARTIES HERETO, BY AND THROUGH THEIR COUNSEL OF RECORD, ENTER INTO THE FOLLOWING RECITALS AND STIPULATION:

## BACKGROUND

Pursuant to F.R.Civ.P., Rule 26(a)(2), Defendants MCSWAIN UNION ELEMENTARY SCHOOL DISTRICT; TERRIE ROHRER; C. W. SMITH; and MARTHA HERNANDEZ ("Defendants") have disclosed to Plaintiff T.A., a minor, by and through next friend ANNA AMADOR ("Plaintiff"), the identities of witnesses they may use at trial to present evidence under F.R.E., Rules 702, 703, and 705 ("expert witnesses");

Defendants have identified Defendants TERRIE ROHRER and C.W. SMITH and Stan Mollart, Superintendent of MCSWAIN UNION ELEMENTARY SCHOOL DISTRICT, who are parties to this action and employees of the same, as their non-retained expert witnesses ("non-retained expert witnesses");

Terrie Rohrer, C.W. Smith and Stan Mollart submitted to examination at deposition on December 8, 9 and 10, 2009, with full transcripts generated as to the questions, testimony and opinions generated therefrom;

## PLAINTIFF'S CONTENTIONS

Plaintiff contends that the non-retained expert witnesses have been examined at deposition in this case in their capacity as Defendants and fact/percipient witnesses;

Plaintiff further contends that the non-retained expert witnesses were examined solely for the purpose of eliciting Rule 701 lay opinion testimony (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702;

1:08-CV-01986-OWW-DLB

**STIPULATION REGARDING DEFENDANTS'**
**NON-RETAINED EXPERT WITNESSES AND PROPOSED ORDER**

THE BECKER LAW FIRM
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064

Plaintiff further contends that she has examined seven (7) witnesses, including Defendant TERRIE ROHRER in her individual capacity and as a witness pursuant to F.R.Civ.P., Rule 30(b)(6), and therefore is entitled to take an additional three (3) depositions of fact witnesses,;

Plaintiff further contends that expert witnesses do not fall within the "Rule of 10" embodied within F.R.Civ.P., Rule 30(a)(2)(A)(i) and that she is not required to obtain leave of court to examine these witnesses;

Plaintiff now wishes to examine Defendants' non-retained expert witnesses to ascertain (1) whether they possess scientific, technical, or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue and would therefore qualify as an expert in a field relevant to the issues in this case; (2) what facts or data they relied upon in forming expert opinions in this case, (3) the reliability of principles and methods they utilized in forming expert opinions in this case, and (4) the reliability of the application of principles and methods to the facts of the case by these witnesses in forming their expert opinions;

Plaintiff contends she has timely served Defendants with a Notice of Deposition for the purpose of examining their non-retained expert witnesses concerning their expert opinions in this case;

## **DEFENDANTS' CONTENTIONS**

Defendants contend that their non-retained expert witnesses have already been examined by Plaintiff's counsel;

Defendants contend that their non-retained expert witnesses were examined for the purpose of eliciting both lay and professional opinion testimony, including, but not limited to, testimony rationally based on the perceptions of the witnesses, helpful to a clear understanding of their testimony or the determination of a fact in issue and the opinions of the witness;

Page 3 of 6

1:08-CV-01986-OWW-DLB

STIPULATION REGARDING DEFENDANTS'
NON-RETAINED EXPERT WITNESSES AND PROPOSED ORDER

THE BECKER
LAW FIRM
11500 Olympic Blvd. , Suite 400
Los Angeles, California 90064

Defendants further contend that Plaintiff subsequently served Defendants with a second notice of deposition of each of these witnesses, without leave of court;

Defendants further contend that Plaintiff has already completed eight (8) depositions in the above-captioned matter and has already deposed Defendants' non-retained experts. Defendants therefore contend that Plaintiff is required, pursuant to Rule 30 of the Federal Rules of Civil Procedure, to obtain leave of court in order to examine Defendants' non-retained expert witnesses a second time, as Plaintiff has no right to re-depose any witness without leave of court, and/or take more than ten (10) depositions in this matter;

Defendants further contend that leave of court is required and that Plaintiff's Notice of Depositions has no legal effect;

## **DEFENDANTS' WARRANT AND AFFIRMATION**

Defendants warrant and affirm that their non-retained experts have already given sworn testimony at their earlier depositions which account for their expert opinions, including testimony divulging (1) the areas of scientific, technical, or other specialized knowledge they contend will assist the trier of fact to understand the evidence or to determine a fact in issue and therefore qualifies them as experts in a field relevant to the issues in this case; (2) the facts or data they relied upon in forming expert opinions in this case, (3) the reliability of principles and methods they utilized in forming expert opinions in this case, and (4) the reliability of the application of principles and methods to the facts of the case in forming their expert opinions;

## **GOOD FAITH RESOLUTION OF A DISPUTED DISCOVERY MATTER**

In recognition of the disagreements as expressed by these recitals, the parties wish to resolve a disputed discovery matter in good faith and in the interest of efficiency and judicial economy;

THE BECKER
LAW FIRM
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064

## STIPULATION

NOW THEREFORE IT IS STIPULATED AND AGREED that the parties shall rely upon the testimony that Defendants' non-retained expert witnesses provided in their depositions taken on December 8, 9 and 10, 2009, and which Defendants contend is testimony given within the scope of F.R.E., Rules 702, 703 and 705, constituting their qualifications to provide expert witness testimony; the expert opinions they have formed or are likely to form in this case; the basis of their opinions, including all of the facts and data they relied upon to support their expert opinions; the reliability of the facts and data relied upon; and the reliability of the application of the facts and data to the facts of this case;

IT IS FURTHER STIPULATED AND AGREED that Defendants' non-retained expert witnesses have given complete expert testimony as to each and every area of opinion they would be expected to provide to a trier of fact in this case;

IT IS FURTHER STIPULATED AND AGREED that Defendants' non-retained expert witnesses will not offer any expert testimony in this case exceeding the scope of the areas of expert testimony they have already provided in their depositions;

/ / /

/ / /

/ / /

THE BECKER LAW FIRM
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064

**STIPULATION REGARDING DEFENDANTS'
NON-RETAINED EXPERT WITNESSES AND PROPOSED ORDER**

IT IS FURTHER STIPULATED AND AGREED that this Stipulation is effective for all purposes in this case.

**IT IS SO STIPULATED:**

DATED: March 17, 2010          **THE BECKER LAW FIRM**

By: _____/s/_____
William J. Becker, Jr., Esq.,
Attorneys for Plaintiff, T.A., a minor, by and through next best friend, ANNA AMADOR

DATED: March 17, 2010          **MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP**

By: _____/s/_____
Anthony N. DeMaria, Esq.
Attorneys for Defendants, MCSWAIN UNION ELEMENTARY SCHOOL DISTRICT; TERRIE ROHRER; C. W. SMITH; and MARTHA HERNANDEZ

IT IS SO ORDERED.

Dated: **March 18, 2010**          /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE

Page 6 of 6

1:08-CV-01986-OWW-DLB

**STIPULATION REGARDING DEFENDANTS'
NON-RETAINED EXPERT WITNESSES AND PROPOSED ORDER**

THE BECKER LAW FIRM
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064